1  Keith A. Custis (#218818)
     kcustis@custislawpc.com
2  CUSTIS LAW, P.C.
3  1875 Century Park East, Suite 700
   Los Angeles, California 90067
4  (213) 863-4276

5  Ashley Keller (*pro hac vice forthcoming*)
     ack@kellerlenkner.com
6  Travis Lenkner (*pro hac vice forthcoming*)
     tdl@kellerlenkner.com
7  Marquel Reddish (*pro hac vice forthcoming*)
     mpr@kellerlenkner.com
8  KELLER LENKNER LLC
9  150 N. Riverside Plaza, Suite 4270
   Chicago, Illinois 60606
10 (312) 741-5220

11 *Attorneys for Petitioners*

12                 **UNITED STATES DISTRICT COURT**
13             **NORTHERN DISTRICT OF CALIFORNIA**
                 **SAN FRANCISCO DIVISION**
14

15 JAMAL ADAMS, et al.,              ) Case No. 3:19-cv-03042
                                     )
16                                   )
                                     ) **PETITION FOR ORDER COMPELLING**
17          *Petitioners,*           ) **ARBITRATION**
                                     )
18      vs.                          )
                                     )
19 POSTMATES INC.,                   )
                                     )
20                                   )
                                     )
21          *Respondent.*            )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24 _____  )

25

26

27

28

Petitioners file this Petition for Order Compelling Arbitration against Respondent Postmates Inc. ("Postmates") as follows:

### NATURE OF THE PETITION

1.     Petitioners are 5,257 Postmates couriers who are attempting to arbitrate individual claims against Postmates for misclassifying them as independent contractors instead of employees. Petitioners contend that in misclassifying them, Postmates has violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and related California state and local laws.

2.     Petitioners' employment agreement with Postmates—the "Fleet Agreement"—contains a sweeping arbitration provision.  That provision explicitly covers any dispute regarding couriers' classification as independent contractors.  It also requires Postmates to pay a portion of the fees and costs necessary to commence arbitration.

3.     On April 22, 2019, in accordance with the Fleet Agreement, counsel for Petitioners served 4,925 arbitration demands on Postmates and the American Arbitration Association ("AAA").  Counsel served an additional 349 demands on May 13, 2019.

4.     On May 10, 2019, AAA imposed a deadline of May 31, 2019, for Postmates to pay its share of the filing fees necessary to commence arbitration for the first 4,925 Petitioners' demands.

5.     Postmates failed to meet that deadline and has shown no willingness to pay the fees it owes with respect to any of Petitioners' demands.

6.     Postmates's refusal to pay the filing fees it owes violates the Fleet Agreement and has prevented Petitioners from accessing the sole forum in which they may assert their claims.

7.     Petitioners have filed this Petition to require Postmates to abide by its own Fleet Agreement.

## PARTIES

8.      Petitioners are Postmates couriers who drove in California.  Details for each Petitioner are listed in Exhibit A.

9.      Respondent is a Delaware corporation headquartered at 201 Third Street, Suite 200, San Francisco, California 94103.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

11.      This Court has personal jurisdiction over Postmates because Postmates has its headquarters and principal place of business in California.

12.      Venue is proper in this district (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because Postmates is headquartered and conducts business in San Francisco County and many of the acts and omissions complained of occurred in San Francisco County.

## INTRADISTRICT ASSIGNMENT

13.      This action is properly assigned to the San Francisco Division of this District, pursuant to Civil Local Rule 3-2(c) and (d), because a substantial part of the events or omissions that give rise to the claim occurred in San Francisco County, which is served by the San Francisco Division.

## BACKGROUND

14.      Postmates is an on-demand delivery service through which customers may order food and other items from participating merchants for delivery.  Postmates pays couriers to make those deliveries.

15.      Petitioners are Postmates couriers whom Postmates has misclassified as independent contractors rather than employees, in violation of federal, state, and local law.

16.      Postmates executes an agreement with its couriers—the "Fleet Agreement"—requiring that all parties to the agreement arbitrate any claim arising from the agreement in accordance with AAA's procedures and rules.  *See, e.g.*, Postmates 2019 Fleet Agreement, *available*

*at* https://fleet.postmates.com/legal/agreement.  The agreement further requires that arbitrations be conducted individually; it does not permit any class or consolidated proceedings.

17.    Postmates has enforced this broad arbitration agreement to preclude couriers from filing misclassification claims against it in court.  *See, e.g.*, *Lee v. Postmates Inc.*, No. 18-cv-3421, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) (granting Postmates's motion to compel a courier's misclassification claim to arbitration, given that the courier "validly consented to the Fleet Agreement and its arbitration provision").

18.    On March 6, 2019, Petitioners' counsel contacted Postmates to inform it that Petitioners planned to file demands for arbitration to recover backpay and related penalties Petitioners are owed for Postmates's unlawful misclassification.

19.    Petitioners' counsel offered to discuss resolving Petitioners' claims in an alternative manner, such as through global mediation, but the parties could not agree on an alternative process.

20.    Pursuant to Postmates's Fleet Agreement, on April 22, 2019, Petitioners' counsel served demands for arbitration for 4,925 Petitioners on Postmates and AAA.  Petitioners' counsel served demands for the remaining 349 Petitioners on May 13, 2019.

21.    Claimants in AAA employment arbitrations generally must pay a filing fee of $300 to commence arbitration.  Because of their income levels, however, the majority of Petitioners qualified for a fee waiver from AAA.  The Petitioners who did not qualify for fee waivers paid $300 each, for a total of $99,600.

22.    Under the Fleet Agreement and AAA's employment fee schedule, which AAA has applied to Petitioners' claims, Postmates is required to pay a filing fee of at least $1,900 for each demand.

23.    On May 10, 2019, AAA set May 31, 2019 as the deadline for Postmates to pay its share of the filing fees necessary to commence arbitration.

24.    Postmates failed to pay the filing fees by May 31, 2019.  It has yet to pay a single filing fee.

25.    AAA will not commence arbitration until it receives the fees Postmates owes.  *See* AAA Commercial Arbitration Rules, Rule 4(b), *available at* https://www.adr.org/sites/default/files

1  /CommercialRules_Web_FINAL_1.pdf.

2      26.     It is undisputed that Petitioners and Postmates entered into an agreement requiring

3  them to arbitrate the issue of whether Petitioners are independent contractors or employees.

4      27.     Postmates has failed to comply with that agreement because it has refused to pay

5  the filing fees it owes under the agreement—fees that are necessary in order for Petitioners to begin

6  their arbitrations.

7      28.     Accordingly, this Court should compel Postmates to arbitrate under 9 U.S.C. § 4.

8                                      **PRAYER FOR RELIEF**

9  WHEREFORE, Petitioners respectfully request that this Court:

10     29.     Enter an Order requiring that:

11             –   Postmates shall pay all arbitration filing fees due for Petitioners' pending

12                 demands for arbitration within 14 days of this Court's Order; and

13             –   Postmates shall pay future AAA invoices related to Petitioners' arbitrations

14                 within 14 days of receipt.

15         Dated: June 3, 2019                    Respectfully submitted,

16
17                                                /s/ Keith A. Custis
                                                  Keith A. Custis (#218818)
18                                                  kcustis@custislawpc.com
                                                  CUSTIS LAW, P.C.
19                                                1875 Century Park East, Suite 700
                                                  Los Angeles, California 90067
20                                                (213) 863-4276

21                                                Ashley Keller (*pro hac vice forthcoming*)
22                                                  ack@kellerlenkner.com
                                                  Travis Lenkner (*pro hac vice forthcoming*)
23                                                  tdl@kellerlenkner.com
                                                  Marquel Reddish (*pro hac vice forthcoming*)
24                                                  mpr@kellerlenkner.com
                                                  KELLER LENKNER LLC
25                                                150 N. Riverside Plaza, Suite 4270
                                                  Chicago, Illinois 60606
26                                                (312) 741-5220

27
                                                  *Attorneys for Petitioners*
28

1

**CERTIFICATE OF SERVICE**

2   I certify that I shall cause the foregoing document to be served on Postmates Inc. at its

3 headquarters at 201 Third Street, Suite 200, San Francisco, California 94103.

4

5   Dated: June 3, 2019        /s/ Keith A. Custis      

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28