# Exhibit F

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Dhananjay S. Manthripragada
Direct: +1 213.229.7366
Fax: +1 213.229.6366
DManthripragada@gibsondunn.com

May 31, 2019

VIA ELECTRONIC MAIL

Ms. Heather Santo
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

Re: Postmates, Inc. Purported Arbitration Demands

Dear Ms. Santo:

I write in response to your voicemail of this morning asking for Postmates' position on the assessment of arbitration administration fees for Keller Lenkner's purported arbitration demands alleging claims against Postmates. Postmates' position is that the fees assessed are improper for a number of reasons.

*First*, as stated in AAA's Employment/Workplace Fee Schedule, "[t]he employer or company's share of filing fees is due as soon as the employee or individual meets *his or her* filing requirements." Empl. Fee Sched. at 2 (emphasis added). You have made clear that you believe that Keller Lenkner's demands have met AAA's filing requirements, and while we disagree, there can be no dispute that each of Keller Lenkner's purported clients has not met *"his or her"* filing requirements, which are laid out in the Postmates Fleet Agreement to which each claimant allegedly assented. That contract requires that anyone who "wishes to initiate arbitration" must "notify the other Party in writing via certified mail, return receipt requested, or hand delivery within the applicable statute of limitations period." Fleet Agreement, ¶ 10B(i).[1] Keller Lenkner, in contrast, served arbitration demands via email.

Similarly, the Fleet Agreement states that a "demand for arbitration must include (1) the name and address of the Party seeking arbitration, (2) a statement of the legal and factual basis of the claim, and (3) a description of the remedy sought" (*id.*) and states that "all disputes or claims between the Parties will be resolved in individual arbitration" (*id.* at ¶ 10B(iii)). Notwithstanding these filing requirements, Keller Lenkner has filed one, mass arbitration demand purporting to cover each claimant, which does not lay out any specific facts, theories, or remedies sought for each claimant, as is required by the Fleet Agreement. This circumvents the Fleet Agreement's express requirement that all arbitrations must take

[1] Available at https://fleet.postmates.com/legal/agreement.

place on an *individualized* basis. In sum, *not a single one* of Keller Lenkner's purported clients has met "his or her filing requirements," so it is premature for AAA to assess *any* administrative fees against Postmates.

*Second*, if the claimants *did* meet their filing requirements under the Fleet Agreement, the vast majority of claimants failed to meet AAA's requirement that "[a]rbitration . . . shall be initiated by the initiating party . . . filing with the AAA a Demand for Arbitration, *the administrative filing fee*, and a copy of the applicable arbitration agreement." Comm. R. 4(a) (emphasis added). Instead, the claimants filed fee waiver affidavits based on California Code of Civil Procedure Section 1284.3, which only applies to "consumer arbitrations." Cal. Code Civ. Proc. § 1284.3(a). A "consumer arbitration" is, according to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration,[2] one in which, among other things, the party "was *required* to accept the arbitration provision in the contract." Ethics Standard 2(d)(3). Postmates' Fleet Agreement, in contrast, provides an opt-out provision for anyone who does not wish to arbitrate, and specifically states that "[a]rbitration is not a mandatory condition of Your contractual relationship with Postmates, and therefore You may opt out of this Mutual Arbitration Provision." Fleet Agreement, ¶ 10B(ix). Therefore, Keller Lenkner's purported clients asserting inapplicable fee waivers have not met AAA's filing requirements, and Postmates' filing fees should not be assessed.

*Third*, even assuming that the fee waivers the majority of claimants have asserted are proper (they are not), Postmates understands that AAA intends to shift costs waived by those fee waivers to Postmates. That is improper. While the California fee waiver statute does not *prohibit* AAA from "shift[ing] fees that would otherwise be charged or assessed upon a consumer party to a nonconsumer party" (Cal. Code Civ. Proc. § 1284.3(b)(1)), nothing in AAA's rules, fee schedule, or other materials suggests a policy of doing so. To the contrary, AAA's hardship provisions simply state that "[t]he AAA may, in the event of extreme hardship on the part of any party, *defer or reduce* the administrative fees." Comm. R. 53 (emphasis added). In fact, the only provision permitting the *shifting* of fees is the following statement on AAA's "employment" webpage: "Arbitrator compensation and *administrative fees are not subject to reallocation by the arbitrator except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous*."[3] In short, there is simply no basis in AAA's policies for shifting any waived costs onto Postmates.

---

[2] Available at https://www.courts.ca.gov/documents/ethics_standards_neutral_arbitrators.pdf

[3] Available at https://www.adr.org/employment.

GIBSON DUNN



It is clear that for the reasons described above, the fees that AAA plans to assess against Postmates are both premature, and will likely reflect inaccurate amounts payable if and when invoiced. Therefore, we request that AAA withdraw its informal request for the payment of administrative fees at this time. Thank you very much for your prompt attention to the resolution of this matter.

Sincerely,

D. Manthripragada

Dhananjay S. Manthripragada