THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendant POSTMATES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ADAMS, et al.,<br><br>             Petitioners,<br><br>   v.<br><br>POSTMATES INC.,<br><br>             Respondent. | CASE NO. 4:19-cv-03042-SBA<br><br>**STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE**<br><br>Judge:     Hon. Saundra B. Armstrong |

Gibson, Dunn & Crutcher LLP

STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE – CASE NO. 4:19-CV-03042-SBA

Postmates respectfully submits this status report to address the concerns identified in the Court's Order Denying Respondent's Request to Set a Case Management Conference. Dkt. 246. The Court stated that "Respondent has provided no details regarding the purported class action settlement, let alone made any showing how that action would have any bearing on the matters before this Court." *Id.* This status report provides details on the class action settlement reached in *Rimler v. Postmates, Inc.*, Case No. CGC-18-567868 (San Francisco Super. Ct.), and explains how the settlement affects the misclassification-based claims asserted by Petitioners here and the pending motions to compel arbitration (Dkt. Nos. 4, 228). This status report also attaches the Settlement Agreement and related documents as Exhibits A-F.* Postmates did not previously provide any details on the settlement or explain how it affects this case because the terms of the settlement were then confidential per the parties' agreement and could not be disclosed. In light of the information provided in this status report, Postmates also renews its request for a case management conference.

A.   **The Class Action Settlement in *Rimler***

In July 2018, Jacob Rimler filed a California Private Attorneys General Act ("PAGA") representative action complaint in San Francisco Superior Court, asserting on behalf of himself and all couriers in California classified by Postmates as independent contractors various wage-related claims against Postmates arising out of Postmates' alleged misclassification of couriers as independent contractors. Rimler later filed a first amended complaint, adding Giovanni Jones as a named plaintiff. Ex. A at 1.

Meanwhile, in May 2018, Dora Lee filed a putative class action complaint in the Superior Court of California, San Francisco County (Case No. CGC-18-566394) on behalf of herself and a proposed class consisting of all couriers in California classified by Postmates as independent contractors, asserting various wage-related claims arising out of Postmates' alleged misclassification of couriers as independent contractors. Ex. A at 1. Postmates removed the case to federal court, where Lee amended

---

* **Exhibit A** is the Notice of Motion and Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof; **Exhibit B** is the Declaration of Shannon Liss-Riordan in Support of Motion for Preliminary Approval of Class Action Settlement; **Exhibit C** is the executed Settlement Agreement; **Exhibit D** is the Proposed Notice; **Exhibit E** is the Second Amended Class Action and PAGA Complaint; and **Exhibit F** is the [Proposed] Order Granting Preliminary Approval of Class Action Settlement. All of these documents were filed in *Rimler* on September 24, 2019.

Gibson, Dunn & Crutcher LLP

2
STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE – CASE NO. 4:19-CV-03042-SBA

the complaint to add Kellyn Timmerman and Joshua Albert as named plaintiffs. *See Lee v. Postmates Inc.*, Case No. 3:18-cv-03421-JCS (N.D. Cal.) (Spero, J.). After Judge Spero granted Postmates' motions to compel arbitration of Lee and Timmerman's claims, and dismissed Lee and Timmerman's claims without prejudice to allow them to appeal, Judge Spero severed Albert's claims to proceed as a separate case. *See Albert v. Postmates Inc.*, Case No. 3:18-cv-07592-JCS (N.D. Cal.) (Spero, J.). Lee and Timmerman then filed a notice of appeal to the Ninth Circuit, which remains pending. *Lee v. Postmates Inc.*, No. 19-15024 (9th Cir.).

After a mediation session with professional mediator Francis J. 'Tripper' Ortman of Ortman Mediation, the parties agreed to globally settle the putative class and representative PAGA claims that were or could have been asserted in *Rimler*, *Lee*, and *Albert* for $11.5 million. Ex. Nos. C, E.

On September 17, 2019, Postmates promptly filed in this Court a Notice of Settlement to inform the Court and Petitioners of the global settlement. Dkt. 244. At that time, the terms of the settlement remained confidential per the parties' agreement and could not be disclosed. Petitioners filed a response the next day. Dkt. 245.

On September 24, 2019, the *Rimler* plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement, along with the Declaration of Shannon Liss-Riordan; the executed Settlement Agreement; the proposed Second Amended Complaint adding Lee, Timmerman, and Albert as named plaintiffs, and adding the claims alleged in the *Lee* and *Albert* actions; and the Proposed Notice. *See* Ex. Nos. A-F. A hearing on the Motion is currently scheduled for October 17, 2019, before Judge Anne-Christine Massullo. *See* Ex. A.

The Settlement Agreement provides that Postmates shall pay a "Total Settlement Amount" of $11.5 million in exchange for a release of all Settlement Class Members' claims that were or could have been asserted in the Second Amended Complaint. Ex. C at 15-16. The Total Settlement Amount is non-reversionary, and thus all funds will be distributed to Settlement Class Members or to a *cy pres* beneficiary, Legal Aid at Work. Ex. C at 27-28. The "Settlement Class" is defined as "all individuals classified by Postmates as independent contractor couriers who entered into an agreement to use or used the Postmates platform as an independent contractor courier in California" between June 3, 2017, and October 17, 2019. Ex. C at 14, 16.

Gibson, Dunn & Crutcher LLP

3
STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE – CASE NO. 4:19-CV-03042-SBA

All couriers who fall within the class definition will receive notice of the Settlement, and must timely submit a claim to receive payment. Ex. C at 16, 28; Ex. D. The amount of an individual's settlement payment depends on the estimated number of miles driven while using the Postmates application, with couriers receiving "one point for every estimated mile driven." Ex. C at 27. However, Settlement Class Members "who either opt out of arbitration, initiate arbitration, or demonstrate in writing an interest in initiating an arbitration demand against Postmates prior to October 17, 2019 will have their points doubled for purposes of this distribution formula." *Id.* Such couriers will receive more money under the settlement "to account for … these drivers' greater likelihood of having their claims pursued, in light of Postmates' arbitration clauses." *Id.*

Settlement Class Members also will have an opportunity to opt out of the Settlement. To do so, a Settlement Class Member must submit a signed written request for exclusion. Ex. C at 31.

**B.     The Class Action Settlement's Bearing on Matters Before This Court**

Every Petitioner in this case falls within the scope of the Settlement Class and will receive notice of the settlement if and when Judge Massullo grants preliminary approval of the Settlement Agreement. Each Petitioner will then have a right to individually decide whether to participate in the Settlement. Specifically, each Petitioner who wishes to receive payment will have an opportunity to submit a claim, and each Petitioner who wishes to opt out will have an opportunity to submit a request for exclusion. But until each Petitioner has an opportunity to *individually* decide whether to submit a claim or a request for exclusion, it would be premature for this Court to rule on the pending cross-motions to compel arbitration. Indeed, if every Petitioner submits a claim to receive payment, the Petitioners' claims would be released under the terms of the Settlement Agreement and the pending motions would become moot.

Petitioners suggestion that a classwide settlement is impermissible because couriers "agreed to resolve their disputes only in individual arbitration" is meritless. Dkt. 245 at 1. Courts regularly approve class settlements even where settlement class members are bound by arbitration agreements "that explicitly required arbitration on an individual basis." *Lee v. JPMorgan Chase & Co.*, 2014 WL 12580237, at *1, 7-9 (C.D. Cal. Nov. 24, 2014) (granting preliminary approval of class action settlement); *Lee v. JPMorgan Chase & Co.*, 2015 WL 12711659, at *1, 10 (C.D. Cal. Apr. 28, 2015)

Gibson, Dunn & Crutcher LLP

4

STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE – CASE NO. 4:19-CV-03042-SBA

(granting final approval). That is because settlement class members who receive notice of a proposed settlement can evaluate it themselves and decide whether to participate in the settlement or opt out and press their claims in court or individual arbitration. Petitioners seemingly recognize as much, as they previously offered to settle their claims through "an alternative process" outside individual arbitration. Dkt. 228-2 at 2.

* * *

The Court should reserve ruling on the pending cross-motions and either schedule a case management conference in November 2019 or order Postmates to submit periodic status updates. Withholding resolution of the pending motions is prudent to avoid wasting judicial resources, conflicting outcomes, and interfering with and impairing the state court's ability to resolve all couriers' claims arising out of their alleged misclassification as independent contractors between June 3, 2017, and October 17, 2019. *See Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) (federal court should yield to state court's exercise of jurisdiction over res in "*in rem* or *quasi in rem*" proceeding); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("where the jurisdiction of the state court has first attached [over the res in *in rem* or *quasi in rem* proceeding], the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction"); *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 337 (2d Cir. 1985) ("class action proceeding" in which class settlement has been provisionally approved "was the virtual equivalent of a res over which the district judge required full control").

Dated:  October 4, 2019                              Respectfully submitted,

                                                     THEANE EVANGELIS
                                                     DHANANJAY S. MANTHRIPRAGADA
                                                     MICHELE L. MARYOTT
                                                     GIBSON, DUNN & CRUTCHER LLP


                                                     By:  */s/ Theane Evangelis*
                                                                     Theane Evangelis

                                                     Attorneys for Defendant POSTMATES INC.

Gibson, Dunn & Crutcher LLP

5
STATUS REPORT REGARDING CLASS ACTION SETTLEMENT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE – CASE NO. 4:19-CV-03042-SBA