Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAMAL ADAMS, et al., | Case No. 4:19-cv-03042-SBA |
| *Petitioners,* | **PETITIONERS' RESPONSE TO POSTMATES'S RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE** |
| vs. | |
| POSTMATES INC., | |
| *Respondent.* | |

PETITIONERS' RESPONSE TO POSTMATES'S RENEWED
REQUEST FOR A CASE MANAGEMENT CONFERENCE.
CASE NO. 4:19-cv-03042-SBA

Postmates will say or do almost anything to escape its contractual obligations. Since March, each Petitioner has sought what his or her contract with Postmates promises: individual arbitration before an individual arbitrator. *See* Dkt. No. 5-1. Postmates has responded with obstruction at every turn. It ignored three AAA deadlines to pay the filing fees necessary to institute arbitration, forcing Petitioners to file their motion to compel. *See* Dkt. No. 4. And it opposed Petitioners' motion with a single, borderline-frivolous argument: that Petitioners somehow sought a "class arbitration." *See* Dkt. Nos. 112, 228. That is plainly false. Were it true, it would run afoul of the Fleet Agreement, which makes clear that "all disputes . . . will be resolved in individual arbitration" and that neither party may even "<u>participate</u> in any class and/or collective action," let alone litigate one to conclusion. Fleet Agreement 10Bii, Dkt. No. 5-3 (emphasis added). Petitioners have never pursued a contractually forbidden class action. *See* Dkt. Nos. 202, 237. They seek individual arbitration without delay.

Yet now—after all the ink Postmates has spilled reminding the Court that the Fleet Agreement prohibits class actions—Postmates asks the Court to postpone Petitioners' motion. Why? So that <u>Postmates</u> can pursue a contractually forbidden class action. Dkt. No. 248 at 5. The Court should not permit Postmates's latest stall tactic to succeed.

This Court denied Postmates's first request for a status conference because Postmates had not shown why the mere possibility of preliminary approval of a class settlement "would have any bearing on the matters before this Court." Dkt. No. 246. Nothing in Postmates's "renewed" filing changes that conclusion. Dkt. No. 248.[1] Whether the proposed *Rimler* settlement is preliminarily approved is irrelevant to Petititoners' pending motion to compel arbitration. Postmates concedes as much, stating that each Petitioner may "individually decide whether" to participate in any class

---

[1] The court in *Rimler v. Postmates* has not yet accepted Postmates's motion for preliminary approval of a class settlement, nor has it placed the motion on its docket. *See* Register of Actions, *Rimler v. Postmates, Inc.*, No. CGC-18-567868 (Cal. Sup. Ct.), *available at* https://webapps.sftc.org/ci/CaseInfo.dll?CaseNum=CGC18567868&SessionID=79C4318F0BCACF075602B720CB33DB54C9B3FD2A. And although Postmates states that the motion hearing is "currently scheduled for October 17, 2019," Dkt. No. 248 at 3, the court has not yet placed the hearing on its calendar. *See* Calendar, *Rimler*, *available at* https://webapps.sftc.org/ci/CaseInfo.dll?CaseNum=CGC18567868&SessionID=79C4318F0BCACF075602B720CB33DB54C9B3FD2A.

(cont'd)

proceeding. Dkt. No. 248 at 4 (emphasis omitted). But there is no need to wait months or years in *Rimler* to know whether Petitioners want to forego their right to individual arbitration. Through this action, Petitioners have made clear that they want to proceed with individual arbitration and—unlike Postmates—do not want to participate in a class action. Dkt. No. 202 at 5–6. Lest there be any doubt, Petitioners renew that representation here.[2]

As this Court has explained, "[w]hen faced with a petition to compel arbitration, the district court's role is a discrete and narrow one." *Athena Feminine Techs. Inc. v. Wilkes*, No. 10-cv-04868-SBA, 2011 WL 4079927, at *10 (N.D. Cal. Sept. 13, 2011). Where the court determines that the parties have agreed to arbitrate a dispute, the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). The FAA further mandates that this "discrete and narrow" task be conducted on an expedited basis, reflecting "Congress's intent 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004) (quoting *Sink v. Aden Enter. Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003)); *see also In re Cintas Corp. Overtime Pay Arbitration Litig.*, No. 06-cv-1781-SBA, 2009 WL 1766595, at *5 (N.D. Cal. June 22, 2009) (declining to stay an action in which the defendant had successfully moved to compel arbitration because doing so would be "antithetical to the spirit and intent of the arbitration process").

These principles require that Petitioners' motion to be compel be granted without delay. Postmates concedes that "[e]very Petitioner in this case" is a Postmates courier. Dkt. No. 248 at 4 ("Every Petitioner in this case falls within the scope of the Settlement Class . . . ."). Postmates

---

[2] Had Postmates met and conferred with Petitioners' counsel before filing its request for an indefinite stay, Petitioners could have informed Postmates that nothing about the proposed *Rimler* settlement changes their position. Petitioners still wish to enforce their contractual right to pursue individual arbitration without delay. But just as it did before requesting a status conference, Postmates ignored the local rules and this Court's standing order and failed to meet and confer with Petitioners before submitting its request for a case management conference and stay.

has represented that every Postmates courier must sign the Fleet Agreement, which requires arbitration of wage-and-hour claims. *See* Dkt. No. 203-8. And Postmates has stipulated that each Petitioner's claims are "subject to arbitration agreements between each of the [Petitioners] and Postmates." Dkt. No. 203-2 at 1. In other words, it is undisputed that "an arbitration agreement has been signed" between each Petitioner and Postmates that covers each Petitioner's claims. *Athena*, 2011 WL 4079927, at *10. The FAA therefore "mandates that district courts shall direct the parties to proceed to arbitration." *Id*.

Postmates's "prudent[ial]" arguments based on its newfound appreciation for class actions, Dkt. No. 248 at 5, provide no basis for denying or delaying Petitioners' unambiguous right to arbitration. They are also nonense. According to Postmates, a stay would be "prudent to avoid wasting judicial resources, conflicting outcomes, and interfering with and impairing the state court's ability to resolve all couriers' claims" in a class action. *Id*. But Postmates concedes that Petitioners have a right to choose individual arbitration over class proceedings, and Petitioners have chosen individual arbitration. Petitioners' claims therefore will require the same "judicial resouces" regardless of any settlement that covers other couriers. Petitioners' arbitrations will not cause "conflicting outcomes," because Petitioners bring only individual claims and have stipulated that they do not seek relief on behalf of any other couriers. Dkt. No. 202 at 5–6. And Petitioners have a right under both the FAA and the Due Process Clause to proceed individually; that right takes precedence over a state court's "ability" to release their claims in a class settlement. Postmates knows this full well, as it has repeatedly brought and won motions to compel individual arbitration for the express purpose of "interfering with and impairing [a] . . . court's ability to resolve all couriers' claims" in a class action. Dkt. No. 248 at 5; *see, e,g.*, *Lee v. Postmates, Inc.*, No. 18-cv-03421-JCS 2018 WL 4961802, at *10 (N.D. Cal. Oct. 15, 2018); Dkt. No. 5-9 (Postmates's Mot. to Compel Arbitration, *Winns v. Postmates Inc.*, No. CGC-17-562282 (Cal. Sup. Ct. Jan. 23, 2018)).

Postmates's desire to flout its own contract and steer its couriers into a class settlement cannot displace Petitioners' contractual right to individual arbitration. And the right to arbitrate

includes the right to proceed to arbitration <u>promptly</u>.  Petitioners respectfully request that the Court deny Postmates's baseless request for delay and grant Petitioners' motion to compel so that Petitioners may exercise their indisputable right to individual arbitrations without delay.

Dated: October 7, 2019

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served on all ECF-registered counsel via the Court's CM/ECF system on October 7, 2019.

Dated: October 7, 2019                    /s/ Ashley Keller