Ashley Keller (*pro hac vice*)
 ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
 tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice*)
 mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
 wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street N.W., Suite 400E
Washington, D.C. 20005
(202) 879-3939

Keith A. Custis (#218818)
 kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAMAL ADAMS, et al.,<br><br>    *Petitioners*,<br><br>vs.<br><br>POSTMATES INC.,<br><br>    *Respondent*. | Case No. 4:19-cv-03042-SBA<br><br>**PETITIONERS' ADMINISTRATIVE MOTION TO STRIKE RESPONDENT'S REPLY IN SUPPORT OF STATUS REPORT AND RENEWED REQUEST FOR A CASE MANAGEMENT CONFERENCE**<br><br>**Judge:** Hon. Saundra B. Armstrong |

Postmates's desperation to flee from its contract has caused it to ignore even the most basic pretense of complying with this Court's Rules.

On October 4, 2019, Postmates filed a "Renewed Request for a Case Management Conference." Dkt. 248. Although styled as a "Request," the filing sought relief—a case

---

ADMINISTRATIVE MOTION TO STRIKE RESPONDENT'S REPLY IN SUPPORT OF STATUS REPORT
AND RENEWED REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. 4:19-cv-03042-SBA

management conference and an indefinite stay of Petitioners' motion to compel—that can be sought only by administrative motion. *See* L.R. Civ. 7-11 (governing requests for relief regarding "miscellaneous administrative matter[s]" not covered by another Rule). Notwithstanding the local rules and this Court's standing order, Postmates (i) failed to notice its request as a motion, (ii) failed to meet and confer with Petitioners before requesting a case management conference and indefinite stay, and (iii) failed to include in its request a certification explaining why a stipulation could not be obtained. *See* L.R. Civ. 7-11(a) (requiring that an administrative motion "<u>must</u> be accompanied by a proposed order and by either a stipulation . . . or by a declaration that explains why a stipulation could not be obtained" (emphasis added)); Hon. Saundra B. Armstrong, Standing Order for Civil Cases 4 ("All parties <u>shall</u> meet and confer before filing <u>any</u> motion <u>or other non-stipulated request</u>." (second and third emphases added)). Postmates's failure was willful, as it had previously failed to meet and confer with Petitioners before filing its original non-stipulated request for a status conference on September 17, Dkt. 244, which Petitioners pointed out in their response, Dkt. 245. Nonetheless, in an attempt to avoid bogging this Court down with ancillary disputes, Petitioners simply responded to Postmates's improper filing by explaining why a stay was not proper. *See* Dkt. 249.

Postmates now has filed a reply in support of its request for a case management conference and a stay, which is plainly impermissible without leave from the Court. *See Morgenstein v. AT&T Mobility LLC*, No. 09-cv-3173-SBA, 2009 WL 3021177, at *3 (N.D. Cal. Sept. 17, 2009) (striking reply in support of administrative motion seeking a stay and "direct[ing] Defendant to Civil L.R. 7-11 that prohibits a Reply in Administrative Motions"). Petitioners regret burdening the Court with squabbles regarding a supposed request for a "Case Management Conference." But Petitioners conferred with Postmates before filing this motion, explaining that Postmates's reply was plainly not permitted and asking that Postmates withdraw it, and Postmates refused.[1] *See*

---

[1] Rather than concede its error, Postmates asserted that Petitioners' opposition to Postmates's request for a stay somehow was improper. In fact, it is appropriate for Petitioners to oppose a bid for an indefinite stay of this action by affirming that they have a strong entitlement to relief that should not be delayed. But in all events, nothing in Petitioners' opposition justified violating the local rules by filing a reply without leave from the Court.

Keller Dec. ¶ 8.

Postmates is represented by counsel at one of the most sophisticated law firms in the world who regularly practice in this District. Counsel should be expected to comply with the basic rules of briefing in this Court, not repeatedly flout them. *See* Dkt. 244 (filing non-stipulated request for status conference without attempting to meet and confer); Dkt. 248 (filing non-stipulated request for status conference without attempting to meet and confer); Dkt. 250 (filing impermissible reply in support of a motion for miscellaneous administrative relief). Petitioners respectfully request that the Court strike Postmates's improper reply, deny Postmates's unfounded request for a stay, and resolve the fully-briefed motion to compel.

Dated: October 8, 2019               Respectfully submitted,

/s/ Ashley Keller
Ashley Keller (*pro hac vice*)
 ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
 tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice*)
 mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
 wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street N.W., Suite 400E
Washington, D.C. 20005
(202) 879-3939

Keith A. Custis (#218818)
 kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

*Attorneys for Petitioner*