# Exhibit N

**From:** "Manthripragada, Dhananjay S." <DManthripragada@gibsondunn.com>
**Date:** Monday, November 25, 2019 at 9:50 AM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>, "Mathur, Shaun" <SMathur@gibsondunn.com>, "Evangelis, Theane" <TEvangelis@gibsondunn.com>, "Cochrane, Thomas" <TCochrane@gibsondunn.com>, "Maryott, Michele L." <MMaryott@gibsondunn.com>, "McKenna, Madeleine" <MMcKenna@gibsondunn.com>, Ashley Keller <ack@kellerlenkner.com>, Travis Lenkner <tdl@kellerlenkner.com>, Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to correct the record concerning settlement proceedings in *Rimler*, to request an extension on the payment deadline, and to reiterate its request that AAA propose or explain how individual arbitrations could realistically proceed.

Contrary to Claimants' representation that the *Rimler* Court "refused" to approve the settlement, the Court merely "continue[d] the hearing on the motion for preliminary approval," so the parties could answer the Court's questions and modify the language used in the settlement. This is an ordinary practice in California state court, and the parties will resubmit additional briefing and reappear before the Court for preliminary approval. The *Rimler* parties expect the next hearing to be scheduled for January 31, 2020. Thus, Postmates requests an extension of the payment deadline to February 4, 2020. AAA previously granted an extension in view of the preliminary approval hearing, and there is no reason to depart from that practice now.

Claimants state that "[t]he only next step to which [they] will agree is for Postmates to pay the filing fees." Thus, Claimants refuse to even consider Postmates' proposal on how arbitrations could commence, or to offer a proposal of their own. And to the extent Claimants seek to condition the commencement of *some* arbitrations on the commencement of *all* arbitrations, that is not individual arbitration and is not provided for anywhere in AAA's rules or the Fleet Agreement. Claimants cannot have it both ways by insisting that AAA impose individual filing fees, while refusing to arbitrate in individual cases.

Postmates urges AAA to propose or explain how Claimants' demands could realistically proceed. AAA may believe that Claimants will not agree to any proposal from either Postmates or AAA, but that is no reason for AAA not to propose a solution to the manageability issues raised by mass arbitration. And until a proposal is made, it is speculative what either party will do.

Accordingly, Postmates respectfully requests an extension of the payment deadline until February 4, 2020, and requests that AAA propose how all of Claimants' arbitration demands could realistically proceed. Postmates reiterates that it is ready to conduct individualized arbitrations in a manner that is workable and manageable for all involved. It is not requesting that Claimants' demands be "put on hold," as Claimants' counsel suggests. Rather, the demands at issue are "on hold" because Claimants' counsel continues to insist that "the only next step to which [Claimants' counsel] will agree is for Postmates to pay the filing fees," which is precisely the relief that counsel sought from the *Adams* Court

and which the Court expressly denied.  *Adams*, Dkt. 253 at 13 ("the Court denies Petitioners' request for an order directing Postmates to tender payment of outstanding and future arbitration fees").

Also, the Court denied Keller Lenkner's motion to intervene.  Claimants' counsel did not provide AAA with the Court's ruling, so it is attached here.

Best,
DJ

**Dhananjay S. Manthripragada**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com