# Exhibit V

**From:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>
**Sent:** Monday, June 17, 2019 2:47 PM
**To:** 'ack@kellerlenkner.com' <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** Individuals v. Postmates, Inc - Case 01-19-0001-2994

[External Email]
Dear Counsel,

This will acknowledge letters dated June 10, 2019 and June 11, 2019 from the parties on the above case. The AAA has also been notified by claimants' counsel that on June 3, 2019 a motion was filed to compel arbitration and a motion was also filed for partial summary judgement. In the June 10, 2019 letter from respondent's counsel there was a request to stay the pending matters pending the judicial proceedings filed by the claimants as well as a suggestion that due to the fees being due for over $11 million dollars that the AAA consider a payment plan for the respondent to pay for the process as the cases proceed through the administrative process. Claimants' counsel has responded that the respondent should pay the fees outlined in the Employment/Workplace Fee Schedule and does not agree that respondent should have a payment plan, the claimants states they are ready to move forward on the cases.

The AAA has attempted to resolve the issues regarding the process for this large group of cases with mediation as well as options for the parties to agree to a payment process. The parties did participate in mediation with Al Feliu during the month of May which resulted in an impasse.

At this time, the AAA, absent party agreement on an alternate process to advance these arbitrations or an agreement to proceed with mediation on these matters, the AAA must proceed with administration in accordance with the Employment Workplace Fee Schedule.

The AAA does stress to counsel and to the parties that we would like to consider options so that the cases can move forward in accordance with the dispute resolution process outlined in the plan. One option is to have the company in a good faith effort pay the initial fee of $300.00 on each of the cases as parties further consider mediation or other process options or until a determination of the court action has been completed.

If there is not an agreement of the parties on the payment of these fees, the AAA must require that all fees be paid or the administration will be discontinued and the AAA cases will be closed.

Respectfully,

Joanne Saint-Louis,

<image003.png> | **Joanne Saint-Louis, JD**
**Director of ADR Services**

> American Arbitration Association
> International Centre for Dispute Resolution
> T: 401 431 4777 / 646 240 4623 Ext. 8920  F: 866 644 0234  E: SaintLouisJ@adr.org
> 150 East 42nd St, 17th Floor, New York, NY 10017
> adr.org | icdr.org | aaamediation.org

&lt;image004.jpg&gt;

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**From:** Evangelis, Theane <TEvangelis@gibsondunn.com>
**Sent:** Thursday, June 20, 2019 2:56 AM
**To:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>; 'ack@kellerlenkner.com' <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

**\*\*\* External E-Mail – Use Caution \*\*\***

Dear Ms. Saint-Louis,

Thank you for your email.  We appreciate that AAA is trying to work out a solution to the issue of mass arbitration demands being labeled as "individual" demands in order to trigger filing fees and impose financial pressure on respondent companies like Postmates.  We are certainly interested in continuing to work towards an equitable solution.  Unfortunately, paying $300 per claimant (over $1.5 million in total), simply for a stay pending litigation, does not solve the problem of claimants filing *de facto* class arbitration demands under cover of an "individual demands" label.

It is clear that the purpose of claimants' counsel's purported arbitration demands is to use AAA as a tool for settlement leverage unrelated to the strength of the claims at issue.  Claimants' counsel's assertion that it is capable of diligently prosecuting 5,000+ arbitrations simultaneously cannot withstand scrutiny.  That is why, as you point out, claimants' counsel has been almost exclusively interested in securing invoices from AAA that assess millions of dollars in fees upon Postmates.  6/17/2019 Saint-Louis Email ("Claimants' counsel . . . does not agree that respondent should have a payment plan.").  And that is why claimants' counsel is now focused not on finding a way to move the parties into arbitration, but on ensuring that AAA "confirm[s] . . . that [it] will decline to administer the cases."  6/17/2019 Lenkner Email.  If claimants' counsel truly wished to have these claims heard in

arbitration, they would be standing with Postmates in trying to find a way to do so that is workable for all sides.

We remain open to a solution.  But we cannot agree to the one AAA proposed this week, which would offer no protection against the future assessment of $10+ million in immediately-payable fees irrespective of whether claimants intend to and actually do pursue arbitrations diligently.  Any solution will have to begin with (1) claimants' filing of Postmates Fleet Agreement-compliant, substantively individual arbitration demands; (2) a determination that California Civil Code § 1284.3 does not apply to claimants' demands because these are not "consumer arbitration[s]"; and (3) a payment procedure through which arbitrations are paid for as they are actually administered and conducted.  Postmates reiterates its request to suspend any ongoing proceedings pending litigation, and while such a system can be worked out.

Thank you very much for your attention to this matter.

Sincerely,
Theane



**Theane Evangelis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7726 • Fax +1 213.229.6726
TEvangelis@gibsondunn.com • www.gibsondunn.com


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, June 21, 2019 4:14 PM
**To:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Joanne Saint-Louis, JD <SaintLouisJ@adr.org>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

Dear Counsel,

This will acknowledge e-mails dated June 17, 2019 and June 20, 2019 from the parties on the above case.

As previously advised, the AAA determined Claimant met the filing requirements under our Commercial Arbitration Rules, Rule R-4 and Employment/Workplace Fee Schedule and that Respondent may bring their arbitrability challenges to the individual arbitrators once appointed after the filing fees were paid.

This will confirm neither party agreed to AAA's offer, in our June 17, 2019 email, to have the company pay an initial fee of $300.00 per case to allow parties to further consider mediation or other process options or until a determination of the court action has been completed. As such, the AAA is closing these cases. The initial fees paid by Claimants will be refunded. An invoice for AAA's mediation fee and the compensation of the mediator will be sent to Respondent under separate cover.

The AAA will abide by any court order directing the manner in which the underlying arbitrations should or should not proceed. Please keep us advised.

Please let me know if you have any questions.

Sincerely,

Heather Santo

<image001.png>

**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org

<image002.jpg>

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Warren Postman
**Sent:** Tuesday, October 22, 2019 11:00 PM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>
**Subject:** RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994

Ms. Santo,

After Postmates refused to pay the filing fees necessary to proceed with the arbitrations below, 5,257 of the Claimants in those arbitrations filed a motion to compel arbitration in the U.S. District Court for the Northern District of California. Postmates then filed a "cross-motion" to compel individual arbitration. Earlier today, the Court issued a decision on those motions. A copy of the Court's decision is attached. The Court held:

> The Court finds that, pursuant to Section 4 of the FAA, the parties are obligated to arbitrate Petitioners' misclassification claims and are hereby ordered to do so. All other matters raised by the parties in this action, including their respective requests for an order directing Petitioners to refile their arbitration demands and Postmates to tender payment of the arbitration fees, are for the arbitrator to decide.

Keller Lenkner is hereby re-filing the individual demands for arbitration previously filed by 5,255 Claimants, all of whom are Petitioners subject to the Court's order compelling arbitration. By this email, Keller Lenkner is also serving those demands on Postmates, in accordance with Postmates's prior agreement to accept electronic service.

Each Claimant's individual arbitration demand, along with the relevant arbitration agreements, are available here (password to follow under separate cover). Each Claimant's demand is identical to the demand he or she previously served on Postmates.

Each Claimant hereby requests that AAA administer a separate, individual arbitration for him or her pursuant to the AAA Commercial Rules (which, for these matters, incorporate the Employment Arbitration Fee Schedule). Each Claimant has either paid the required filing fee or submitted a hardship-based fee waiver to AAA. Pursuant to the Court's order, each Claimant will abide by AAA's determination of the fees and other filing requirements necessary to commence individual arbitrations.

Claimants hereby request that AAA (i) confirm that each Claimant has met his or her obligations to commence an individual arbitration before AAA; (ii) inform Postmates of the amount of filing fees Postmates must pay to commence individual arbitrations with each Claimant; and (iii) inform Postmates of when those fees are due.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, October 23, 2019 11:00 AM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Mr. Manthripragada,

For your convenience, I have attached a separate spreadsheet containing the individual information for each of the Claimants who re-filed their demands yesterday.

The password for the spreadsheet is the same as the one I sent yesterday for the folder containing the Claimants' demands.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, October 29, 2019 9:12 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt on October 22, 2019 of 5,255 re-filed individual Demands for Arbitration alleging claims against Postmates. Upon review of the documents, the AAA's Commercial Arbitration Rules and Mediation Procedures and the Employment/Workplace Fee Schedule shall apply to these disputes. We have assigned AAA Case # 01-19-0003-4069 to these matters. Please note all individual arbitrations will be assigned their own case numbers upon receipt of Respondent's portion of filing fees.

Pursuant to the Employment/Workplace Fee Schedule a filing fee of $300.00 is due from the individuals when claims are filed, unless the agreement provides that the individual pay less. A fee of $1,900.00 per case is due from the company, unless the agreement provides that the company pay more.

Claimants have met their filing fee requirements for the 4,906 Claimants subject to the 2019 Fleet Agreement. Accordingly, we request that the company pay its share of the fees in the amount of $9,321,400.00 ($1,900.00 for 4,906 cases) on or before November 19, 2019.

For the remaining 349 Claimants subject to the 2018 Fleet agreement, in which the arbitration agreement states Postmates will pay all fees, we request that the company pay fees in the amount of $767,800.00 ($2,200.00 for 349 cases) on or before November 19, 2019.

Payment may be submitted via check, wire transfer or credit card. Attached are the AAA Wire Transfer instructions. If paying by check, please reference the above case number, and mail your payment to:

Attention: Larry Allston
American Arbitration Association
13727 Noel Road, Suite 700
Dallas, TX  75240

If you wish to pay by credit card, please contact me directly and I will provide an AAA Paylink.

Please note: no answering statement or counterclaim is due at this time.  The AAA will notify the parties of the response deadlines when all fees have been received.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Heather Santo




**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.


**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, November 19, 2019 5:48 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to request a brief extension until Monday (November 25) of today's filing-fee deadline that AAA has set.  As you know from previously submitted letters and the parties' discussions with AAA, Postmates has entered into a class action settlement agreement.  The motion for preliminary approval of the settlement will be heard this Friday, November 22, 2019, in *Rimler v. Postmates*, CGC-18-567868 (S.F. Sup. Ct.).  Claimants' counsel has a filed a motion to intervene in Rimler, seeking to object to the settlement on behalf of its purported clients.  Although Claimants may oppose Postmates' request for a brief extension, granting an extension will allow the parties to better understand the landscape in view of the *Rimler* settlement proceedings, and AAA has previously granted Postmates a two-week extension even where the parties were unable to agree to an extension.  AAA should grant Postmates' non-controversial request.

Thank you for your consideration.

**Dhananjay S. Manthripragada**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com


On Nov 19, 2019, at 5:01 PM, Warren Postman <wdp@kellerlenkner.com> wrote:


**\*\*\* External E-Mail – Use Caution \*\*\***


Ms. Santo,

Postmates's deadline is today.  The cutoff for wiring money to your office has already passed, so Postmates has already missed AAA's deadline.  Postmates has demonstrated repeatedly that it has no intention of complying with AAA's administrative determinations and is simply seeking delay in bad faith.

Moreover, in your email of November 1, AAA already determined that the proposed *Rimler* settlement is no basis to delay properly filed demands.  A federal court reached the same conclusion and compelled Postmates to arbitrate these demands notwithstanding Postmates's urging that the Court delay its decision in light of *Rimler*.

We request that AAA not tolerate these further delay tactics from Postmates and deny the extension.

Sincerely,

**Warren D. Postman**
Partner

# Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, November 19, 2019 5:44 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]

Dear Counsel,

This will acknowledge receipt of Respondent's request for an extension of the deadline to remit their share of the filing fees. Claimants oppose the request. The AAA has determined to grant the extension. The deadline for Respondent's payment is November 25, 2019.

Sincerely,

Heather Santo

Sent from my iPhone



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Mathur, Shaun <SMathur@gibsondunn.com>
**Sent:** Wednesday, November 20, 2019 11:30 AM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to inform AAA that Postmates has filed a notice of appeal in *Adams v. Postmates Inc.*, Case No. 4:19-cv-03042-SBA (N.D. Cal.), and to reiterate its willingness to reach a workable solution.

As you know, Claimants re-filed their demands after the Court in *Adams* granted in part and denied in part the parties' cross-motions to compel arbitration, and specifically "denie[d] Petitioners' request for an order directing Postmates to tender payment of outstanding and future arbitration fees." *Adams*, Dkt. 253 at 13. On November 19, 2019, Postmates filed its notice of appeal in *Adams*, meaning judicial proceedings concerning Claimants' demands are still ongoing.

Moreover, contrary to Claimants' accusation of bad faith, Postmates is ready, willing, and able to conduct truly individualized arbitrations in a manner that is workable and manageable for all involved. Indeed, in its October 25, 2019 letter, Postmates proposed that an arbitrator be appointed to resolve threshold demand sufficiency issues for fifty randomly-selected claimants; if the arbitrator determines that a claimant's particular demand is sufficient, then the arbitrator would retain the arbitration for a determination on the merits. Postmates submits that its proposal provides a fair and manageable way to address the administratively challenging issue of mass arbitrations.

Even if Claimants are not amenable to that particular solution, Postmates is willing to entertain alternative proposals from AAA and Claimants. Postmates believes that the parties would greatly benefit from a proposal from AAA, in particular, on how truly individualized arbitrations could realistically proceed.

Postmates is hopeful that the parties can reach an agreement on how Claimants' claims can be resolved. We would be happy to schedule a call to discuss additional proposals from AAA or Claimants.

Thanks,
Shaun


**Shaun Mathur**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412

Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Friday, November 22, 2019 12:31 PM
**To:** Mathur, Shaun <SMathur@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

First, we would like to update you on the proposed *Rimler* settlement that was the basis for Postmates's seeking an extension of its payment deadline until November 25. Yesterday, the court in *Rimler* refused to approve the proposed settlement and it issued the attached ruling, which identified a host of "[s]ignificant concerns" with the proposed settlement. Postmates and counsel for Rimler may attempt to negotiate a revised settlement and seek approval again. But as we have said before, as you recognized in your November 1 email, and as the federal court recognized in *Adams*, speculation about whether a class settlement might eventually be approved and whether Claimants might eventually choose to participate in it is no basis to deny Claimants their right to move forward with arbitration now.

Postmates claims it is "ready, willing, and able to conduct truly individualized arbitrations," but then it asks AAA and the parties to consider the opposite: requiring the overwhelming majority of Claimants' demands to be put on hold because Postmates does not want to defend against a large number of demands at once. Claimants do not consent to depart from or delay the individual arbitration process that is required by the parties' contract and AAA rules.

Postmates has delayed proceeding with Claimants' demands for months, forcing AAA to close Claimants' cases once already and Claimants to obtain a court order in *Adams* compelling individual arbitration. The court in *Adams* held that, under the parties' contract, it is up to AAA to make the administrative determination regarding what is required for individual arbitrations to proceed. AAA has made that determination. Postmates is under a court order to comply with that determination whether it agrees with it or not, and to raise any further objections with individual arbitrators. The only next step to which we will agree is for Postmates to pay the filing fees AAA has determined are required so that Claimants' individual arbitrations can commence. To that end, please confirm that Monday, November 25 is Postmates's final deadline to pay the filing fees it owes in these matters.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, November 22, 2019 1:48 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of Respondent's email dated November 20, 2019.  This will also acknowledge receipt of Claimants' email of today's date.

As of this date, the parties have been unable to reach an agreement on an alternative process for handling the demands for arbitration filed by Claimants. The AAA must adhere to its Commercial Rules and Employment/Workplace Fee Schedule and Respondent's fees remain due by November 25, 2019.  If there is not an agreement on an alternative process and fees are not paid, the AAA will decline to administer these cases and the files will be closed.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo




**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Monday, November 25, 2019 12:51 PM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates writes to correct the record concerning settlement proceedings in *Rimler*, to request an extension on the payment deadline, and to reiterate its request that AAA propose or explain how individual arbitrations could realistically proceed.

Contrary to Claimants' representation that the *Rimler* Court "refused" to approve the settlement, the Court merely "continue[d] the hearing on the motion for preliminary approval," so the parties could answer the Court's questions and modify the language used in the settlement.  This is an ordinary practice in California state court, and the parties will resubmit additional briefing and reappear before the Court for preliminary approval.  The *Rimler* parties expect the next hearing to be scheduled for January 31, 2020.  Thus, Postmates requests an extension of the payment deadline to February 4, 2020.  AAA previously granted an extension in view of the preliminary approval hearing, and there is no reason to depart from that practice now.

Claimants state that "[t]he only next step to which [they] will agree is for Postmates to pay the filing fees."  Thus, Claimants refuse to even consider Postmates' proposal on how arbitrations could commence, or to offer a proposal of their own.  And to the extent Claimants seek to condition the commencement of *some* arbitrations on the commencement of *all* arbitrations, that is not individual arbitration and is not provided for anywhere in AAA's rules or the Fleet Agreement.  Claimants cannot have it both ways by insisting that AAA impose individual filing fees, while refusing to arbitrate in individual cases.

Postmates urges AAA to propose or explain how Claimants' demands could realistically proceed.  AAA may believe that Claimants will not agree to any proposal from either Postmates or AAA, but that is no reason for AAA not to propose a solution to the manageability issues raised by mass arbitration.  And until a proposal is made, it is speculative what either party will do.

Accordingly, Postmates respectfully requests an extension of the payment deadline until February 4, 2020, and requests that AAA propose how all of Claimants' arbitration demands could realistically proceed.  Postmates reiterates that it is ready to conduct individualized arbitrations in a manner that is

workable and manageable for all involved.  It is not requesting that Claimants' demands be "put on hold," as Claimants' counsel suggests.  Rather, the demands at issue are "on hold" because Claimants' counsel continues to insist that "the only next step to which [Claimants' counsel] will agree is for Postmates to pay the filing fees," which is precisely the relief that counsel sought from the *Adams* Court and which the Court expressly denied.  *Adams*, Dkt. 253 at 13 ("the Court denies Petitioners' request for an order directing Postmates to tender payment of outstanding and future arbitration fees").

Also, the Court denied Keller Lenkner's motion to intervene.  Claimants' counsel did not provide AAA with the Court's ruling, so it is attached here.

Best,
DJ

**Dhananjay S. Manthripragada**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com


**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Monday, November 25, 2019 1:47 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

We have made our position on these issues clear and do not agree to any further extensions.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Monday, November 25, 2019 1:35 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of the below emails, received today, from Respondent and Claimants.

As previously advised, absent agreement of the parties on an alternative process for handling the demands for arbitration filed by Claimants, the AAA must adhere to its Commercial Rules and Employment/Workplace Fee Schedule.  Inasmuch as the parties have been unable to reach any agreement, Respondent's fees remain due by end of day today.

The AAA stands ready to administer these matters in accordance with our Rules, however we will decline to administer the cases and the files will be closed if payment is not received today.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo




### Heather Santo

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Monday, November 25, 2019 6:14 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Thank you, Ms. Santo.  We have understood from your correspondence that AAA has no objection to Postmates' proposal (stated in its October 25 letter and repeated again below) to have arbitrations commence.  We have further understood that the reason AAA will not administer the demands according to Postmates' proposal is that Claimants' counsel will not agree to the proposal and the "only next step" that Claimants' counsel agrees to is the payment by Postmates of all assessed filing fees.  And we have understood that AAA will not propose any alternative process to commence arbitrations for the same reason.  Please clarify if any of this is incorrect.

Best,
DJ

**Dhananjay S. Manthripragada**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com


**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, November 26, 2019 12:11 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo,

Mr. Manthripragada's email appears to be an attempt to distort the record in hopes that those distortions somehow will help Postmates justify its refusal to arbitrate.

In truth, Postmates's "proposal" is to modify the parties' arbitration agreement by prioritizing some Claimants' demands over others and delaying most Claimants' arbitrations indefinitely. Claimants do not consent to that departure from truly individual arbitrations.

Our understanding is that (1) AAA made an administrative determination that Claimants met all of their filing requirements to commence individual arbitrations; (2) in order for individual arbitrations to proceed in accordance with AAA rules, the only step remaining is for Postmates to remit the full payment that AAA has determined Postmates owes; and (3) if Postmates fails to pay its filing fees, that refusal will cause AAA to administratively close Petitioners' arbitrations.

If AAA believes the record is less than clear on any of these points, we of course welcome AAA's further clarification. Otherwise, however, we understand if AAA wishes to allow the ample record to speak for itself.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Tuesday, November 26, 2019 5:12 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]

Dear Counsel:

This will acknowledge receipt of Respondent's email dated November 25, 2019.  This will also acknowledge receipt of Claimants' email of today's date.  The AAA as an administrative, neutral organization cannot change the process in our Rules without parties agreement.

Respondent has failed to submit the previously requested filing fees for these matters; accordingly, we have administratively closed our files.  Claimants' filing fees will be refunded under separate cover.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Wednesday, November 27, 2019 12:56 AM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

Postmates understands that AAA decided to administratively close the demands because the parties were unable to agree on *how* all of Claimants' demands could proceed.  Indeed, the record is clear that Postmates proposed a reasonable solution for how arbitrations could immediately commence, but Claimants rejected Postmates' proposal, and insisted that the "only next step" to which they would agree is the payment of all fees upfront—even though the Court in *Adams* expressly declined to order Postmates to pay all fees.  Claimants also failed to offer a solution of their own.  For instance, Claimants never offered to front the filing fees themselves.  Nor did Claimants ever explain how they intended to prosecute all their demands in a manner that does not "prioritiz[e] some Claimants' demands over others."

You have previously stated that "[t]he AAA stands ready to administer these matters in accordance with [its] Rules."  Postmates urges AAA to explain how it would do so.  Specifically, Postmates respectfully

requests that AAA send the parties a list of all arbitrators that AAA would make available for arbitration of these matters and their availability over the next year or more (whatever information is available), if Postmates were to pay filing fees.

At bottom, Postmates is genuinely interested in learning how AAA would propose having all of Claimants' demands proceed simultaneously.  If AAA has any information to share, Postmates respectfully requests that it share it with the parties.

Thanks,
DJ

**Dhananjay S. Manthripragada**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com