# Exhibit A

**From:** Mathur, Shaun <SMathur@gibsondunn.com>
**Sent:** Wednesday, November 27, 2019 5:55 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

As a follow-up to our November 26, 2019 email, and to further demonstrate Postmates' readiness and willingness to commence arbitrations, Postmates writes to request that AAA reopen the arbitration demands concerning the 5,255 Claimants, so that a certain number of arbitrations may commence expeditiously.  Specifically, Postmates offers to remit payment for 50 randomly-selected arbitrations on the express conditions that (a) Postmates reserves its right to raise demand sufficiency issues as to these 50 Claimants with the assigned arbitrator, (b) Postmates reserves its right to challenge the sufficiency of the demands as to the remaining 5,205 Claimants before remitting payment, and (c) AAA schedules these 50 arbitrations to begin expeditiously.  Postmates believes that this proposal will allow the parties to begin arbitrating expeditiously and in a manner that allows them to better understand how AAA intends to administer all 5,000-plus arbitrations simultaneously.

Again, Postmates is not married to this proposal, and it would gladly entertain a proposal from Petitioners or AAA on how all the arbitrations could proceed—simultaneously, staged, or otherwise.  Postmates is not asking how or when Claimants would prefer Postmates to pay fees; rather, Postmates is asking *how* the arbitrations themselves would proceed and be conducted.

Postmates also reiterates its request that AAA share a list of all arbitrators that AAA would make available for arbitration of these matters and their availability, if Postmates were to pay filing fees—either for 50 randomly selected Claimants or all Claimants.

Thanks,
Shaun

**Shaun Mathur**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3998 • Fax +1 949.475.4698
SMathur@gibsondunn.com • www.gibsondunn.com

1

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Friday, November 29, 2019 11:23 AM
**To:** Mathur, Shaun <SMathur@gibsondunn.com>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner
<tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

### *** External E-Mail – Use Caution ***

Ms. Santo,

If Postmates identified a subset of 50 Claimants and paid its share of the filing fees necessary to move
their cases forward, we of course would have no objection to AAA's reopening those Claimants' cases so
they could proceed.  But Postmates's willingness to proceed with 50 Claimants' arbitrations would not
help the remaining Claimants, whose cases have been closed because of Postmates's refusal to pay the
fees necessary to commence their arbitrations.  Unfortunately, the remaining 5,205 Claimants still
would be required to continue to seek judicial relief to force Postmates to arbitrate with them.

Thus, while we certainly would have no objection if Postmates met its obligation to arbitrate with
respect to 50 Claimants of its choosing, that would provide no basis to reopen the arbitrations of
Claimants for whom Postmates remains unwilling to meet its obligation to move forward.

Under the parties' arbitration agreement, each Claimant has an independent, individual right to
arbitrate without delay.  That Postmates might choose to proceed with 50 Claimants' arbitrations would
be great for those 50 Claimants—and we would welcome it, as a (very) small measure of progress for
those Claimants—but it would be irrelevant to the procedural posture of the remaining 5,205 Claimants.

Sincerely,

**Warren D. Postman**
Partner

## Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Monday, December 2, 2019 10:04 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>;
Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner
<tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>

**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Dear Counsel,

This will acknowledge receipt of Respondent's emails dated November 26, 2019 and November 27, 2019.  This will also acknowledge receipt of Claimants' email dated November 29, 2019.

We note the parties are exchanging emails regarding 50 cases moving forward, but there does not seem to be an agreement relative to the remaining 5,205 cases.  Unless there is an agreement between the parties, these matters remain closed.

The AAA will re-open these matters if the parties provide a joint agreement of how they wish to proceed, which includes remittance of the appropriate filing fees.

Please do not hesitate to contact me should you have any questions.

Sincerely,
Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org



**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Monday, December 2, 2019 10:16 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo,

I am very concerned about your email.  You seem to be suggesting that AAA is refusing to proceed with the arbitration of 50 claims even though (a) both parties have agreed that 50 can go forward now and (b) both parties are agreeing to pay the filing fees for such claims, **unless** Postmates *first* pays the filing fees for over 5200 other claims.  With all due respect, this suggestion, if it is indeed AAA's position, is

inconsistent with AAA's own rules and common sense.  While Postmates reserves all of its objections with respect to these 50 claims and every other claim, Postmates is prepared to proceed with 50, and the firm claiming to represent those 50 (and many others) has agreed to move forward as well.  So if AAA is indeed refusing to proceed, on what basis is AAA refusing? The purpose of our agreement to move forward with 50 is to see if AAA's treatment of those 50 is supportive of AAA's alleged capability of moving forward with 5255 claims at the same time.  We have also asked for additional limited information on which our client can evaluate AAA's assertion that it can proceed with 5255 claims simultaneously, and the information sought was laid out in my emails to you dated November 26 and 27.  Yet we have received no response and no explanation for the failure to respond.  To reiterate what we have asked for:

- On November 26, 2019, Postmates requested that AAA explain how it would conduct all 5,255 arbitrations "in accordance with [its] Rules," and to "send the parties a list of all arbitrators that AAA would make available for arbitration of these matters and their availability over the next year or more (whatever information is available), if Postmates were to pay filing fees."  Postmates' Nov. 26, 2019 Email.
- On November 26, 2019, Postmates also stated that it "is genuinely interested in learning how AAA would propose having all of Claimants' demands proceed simultaneously," and requested that AAA share information it might have.  *Id.*
- On November 27, 2019, Postmates "reiterated its request that AAA share a list of all arbitrators that AAA would make available for arbitration of these matters and their availability, if Postmates were to pay filing fees—either for 50 randomly selected Claimants or all Claimants."  Postmates' Nov. 27 email.

None of this information should be difficult to provide and is the minimum needed to evaluate AAA's alleged readiness to entertain 5255 claims simultaneously, together with the commencement of 50 random claims at this time.  We can think of no genuine reason why the AAA has, to date, refused to provide that information or why it is refusing to commence the 50 arbitrations we have agreed to (under a reservation of rights).  All of the arbitrations should be administratively re-opened during this investigative phase, AAA should provide the information requested forthwith, and the AAA should commence with 50 arbitrations without further delay.  We look forward to hearing your prompt response.

Best,
DJ

**Dhananjay S. Manthripragada**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, December 3, 2019 6:21 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
DJ,

While Ms. Santo can of course clarify, you have mischaracterized the emails from her and the parties to date.

Ms. Santo's email accurately notes that the parties do not currently have a meeting of the minds. Postmates has not simply said it wants to pay the fees for 50 individual arbitrations; rather, it has conditioned its willingness to proceed with 50 arbitrations on indefinitely delaying the other 5,205 arbitrations.  Claimants do not object to Postmates moving forward with 50 arbitrations but, since we insist on each arbitration being treated individually, we do not agree to Postmates conditioning this step on the remaining arbitrations being reopened and held in abeyance.

If Postmates would like to move 50 claims forward without conditioning that step on our agreement to delay the other Claimants' right to prompt arbitration, we would have no objection, and I expect AAA would not either. The only thing stopping any arbitrations from moving forward is Postmates's refusal to pay any fees unless 99% of Claimants agree to hold their demands in abeyance.

Separately, it is remarkable that Postmates has required hundreds of thousands of couriers to sign a Fleet Agreement that waives the right to participate in a class action and requires dispute resolution before AAA, yet Postmates apparently does not believe that more than several hundred couriers can resolve their claims before AAA at any given time. That is a telling indictment of Postmates's bad-faith use of arbitration agreements to avoid class actions while not being willing to resolve a significant number of claims in arbitration. Fortunately, however, the AAA Rules and the streamlined manner in which arbitration is supposed to function make Postmates's concerns unfounded.  To be sure, Postmates may not be able to turn each arbitration into the equivalent of a federal case, and thus cannot succeed in preventing all but a few claims from being resolved at a time. But each of our clients' claims can be efficiently resolved in arbitration if Postmates treats arbitration as the streamlined, speedy, and less litigious process Postmates regularly describes to courts when it compels arbitration to avoid class actions. In all events, regardless of Postmates's feigned ignorance of how arbitration works, the AAA Rules that Postmates incorporated into its contract, as well as the Court's order in *Adams*, unambiguously obligate Postmates to move forward with arbitration for each Claimant without delay.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, December 3, 2019 10:53 AM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Warren – Your email is wrong in almost every respect.  Postmates is prepared to move forward, under a reservation of rights, with 50 arbitrations and pay fees associated with those 50, and has been saying so for some time.  It is only the AAA that has refused to proceed.

Postmates is also still requesting basic information from the AAA so that it can evaluate what would happen to the remaining claims. Postmates will not be bullied into paying over $10 million in filling fees immediately just to watch claims linger for years before even an initial conference can take place, if that indeed is what would happen. Postmates is entitled to understand the effect of Claimants' improper attempts to overwhelm the system, and to know whether it is being asked to pay fees for arbitrations long before they ever proceed.

Claimants have voiced no objection either to the 50 arbitrations commencing forthwith or to Postmates' request for relevant information.  AAA should send an invoice for the 50 which will be paid expeditiously and provide the requested information so that Postmates can make a meaningful decision regarding the remaining claims.  None of this delay in doing either is attributable to Postmates.

Best,
DJ

**Dhananjay S. Manthripragada**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Tuesday, December 3, 2019 2:43 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
DJ,

You have never identified which 50 individuals Postmates is offering to pay for, and you still will not say if Postmates is willing to proceed with 50 claimants while the remaining files remain closed. Once again, we will not agree to have AAA reopen and hold in abeyance thousands of demands as a condition of Postmates moving forward with 50 arbitrations.

If Postmates truly wants to proceed with 50 arbitrations without conditions, it should identify those individuals and pay the requisite filing fees so the process can commence as to those 50 claimants. We will not participate in your decision regarding for whom Postmates will move forward and for whom it will continue to violate its obligation to arbitrate. But nothing is stopping Postmates from moving forward with 50 arbitrations of its choosing.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Manthripragada, Dhananjay S.
**Sent:** Tuesday, December 3, 2019 3:28 PM
**To:** 'Warren Postman' <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Warren – Such game playing will not advance the ball.  We have already said a number of times that the AAA can pick any 50 it wants and we are ready to pay for and proceed with those 50 immediately, though obviously under a reservation of rights.  That is not dependent or conditional on anything other

than AAA selecting the 50, sending an invoice and getting the process started.  We have separately asked the AAA for basic information which should be easy to provide and have no idea why it has not already been provided; we have also asked the AAA to re-open the other matters while we evaluate that information once it is provided.  The only delay here is on AAA's part, not Postmates.  We are not asking any claimant to waive any rights they allege to have, nor are we waiving any rights of Postmates.

Best,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Wednesday, December 4, 2019 5:14 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

<span style="color:red">**\*\*\* External E-Mail – Use Caution \*\*\***</span>

Ms. Santo,

AAA's silence on these matters is concerning.  Is AAA refusing to commence 50 arbitrations?  We have not seen an invoice or any indication these are moving forward.  Please explain and/or update.  Also, is AAA refusing to provide the requested information as to the other matters?  We have now requested that information 5 times and have heard nothing from AAA.

I look forward to your prompt response.

Thanks,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

On Dec 5, 2019, at 6:46 AM, AAA Heather Santo <heathersanto@adr.org> wrote:

[External Email]
Dear Counsel,

The AAA would like to schedule an administrative conference call to discuss the recent communications of the parties.

Please advise as to your availability to participate in a call today or tomorrow any time between 12:00pm – 3:00pm Eastern Time.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E:
heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Thursday, December 5, 2019 12:25 PM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Santo - We are available from 9am-10am Pacific tomorrow.

Thank you,
DJ

**Dhananjay S. Manthripragada**

GIBSON DUNN

9

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Thursday, December 5, 2019 3:16 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>
**Cc:** Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>;
Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L.
<MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Ashley Keller
<ack@kellerlenkner.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy
<skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

Dear Counsel:

This will confirm an administrative conference call will be held tomorrow, December 6, 2019, at 9:00am
Pacific Time / 12:00pm Eastern Time.

Please use the following dial-in information to join the call:

888.537.7715 ; Passcode: 47609078#

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, December 6, 2019 1:27 PM
**To:** Ashley Keller <ack@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Fogelman,
James P. <JFogelman@gibsondunn.com>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy
<skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

[External Email]
Dear Counsel:

This will confirm an administrative conference call was held on December 6, 2019 with counsel for the parties and the following was discussed:

- Respondent offered to remit payment for 50 of the 5,255 individual cases.  Claimants do not object to Respondent identifying the 50 individual cases.  Respondent will submit a list of the 50 individual cases and the applicable arbitration agreements to AAA, with a copy to the opposing counsel.  Upon receipt of Respondent's filing fees, the AAA will proceed with administration of the 50 identified arbitration demands.
- As advised in previous communications, the filing requirements, including remittance of the proper fees, must be met in order for AAA to move forward with administration. Therefore, aside from the 50 cases in which Respondent has stated they will remit payment, the other matters remain closed.
- Respondent requested arbitrator names and availability in order to determine if they wish to comply with the filing requirements on the remaining 5,205 matters.  The AAA routinely provides this service to parties in order to assist with arbitrator selection on cases in which the filing fees have been paid. Upon receipt of the filing fees, we can establish an arbitrator pre-screening process for availability, potential conflicts or other useful information.  Respondent stated they will provide AAA a formal request to provide this limited service. Upon receipt, the AAA will request the comments of Claimants.
- The AAA, with over 90 years of experience, has various mechanisms for handling large volume caseloads.  Discussions occur with various levels of the AAA team to discuss the process for handling caseloads at the AAA.
- Respondent reiterated concerns regarding the filing requirements being met.  The AAA previously determined that the initial administrative filing requirements pursuant to the Rules have been met by Claimants.
- The parties may work together regarding any additional issues and submit any joint proposal to AAA.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org  |  icdr.org  |  aaamediation.org



**From:** Manthripragada, Dhananjay S.
**Sent:** Friday, December 6, 2019 7:17 PM
**To:** 'AAA Heather Santo' <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur,

Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy
<skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

Ms. Santo,

Thank you for holding an administrative conference call today.  We write to address a few of the
comments in your email summarizing the call.

First, your email states that Postmates will submit a list of 50 individuals "and the applicable arbitration
agreements to AAA."  That is not what we agreed; nor is it our obligation.  Claimants waived objection to
our identification of 50 people from their original list for whom Postmates will agree to commence
arbitration immediately, subject to reserving all of its rights.  We will provide that list and AAA will send
Postmates an invoice, which will be paid and the matters will proceed.  We are not submitting anything
but the names.

Second, your email states that Postmates "requested arbitrator names and availability in order to
determine if they wish to comply with the filing requirements on the remaining 5,205 matters."  That
misstates Postmates' position, and is inconsistent with the discussion this morning.  Postmates has
requested this information so it can evaluate AAA's assertion that it can proceed with 5,255 claims
simultaneously in determining how to proceed.  We will be submitting the formal request for this
"limited service" shortly.

Third, regarding Postmates' request both for information and for the administrative re-opening of the
matters while we review the information, you stated during today's call that you would escalate
Postmates' request at AAA.  We appreciate your willingness to do so.

Thanks,
DJ


**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Tuesday, December 10, 2019 5:06 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Warren Postman <wdp@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo – Please see the attached correspondence.

Best,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com


**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Wednesday, December 11, 2019 7:15 AM
**To:** Ashley Keller <ack@kellerlenkner.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Cc:** Warren Postman <wdp@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** Re: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]

Dear Counsel,


This will acknowledge receipt of Respondent's email and attached communication dated December 10, 2019. We ask Claimants to provide their comments by December 18, 2019.

In order for AAA to properly assess the initial administrative fees we ask either party to confirm which arbitration agreement governs each individual demand for arbitration for the 50 individuals identified by Respondent.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Heather Santo

 **Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org



**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, December 11, 2019 7:21 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

[External Email]
Ms. Santo,

The fact that Mr. Fogelman is new to this controversy does not mean that he can simply ignore the litigating position his client has taken, and the determinations of AAA and the *Adams* Court, over the last seven months. Claimants have made clear repeatedly that they would welcome AAA reopening and proceeding with any arbitrations for which Postmates has paid the required fees, but that will have no impact on the procedural status of the remaining arbitrations. After months of flouted deadlines, dilatory extensions, briefing on a motion to compel, and more missed deadlines, Postmates has no basis to ask AAA to reverse its decision to close Claimants' arbitrations simply because Postmates would like more time to consider its options regarding how those arbitrations might proceed.

As to the individuals Postmates claims have not worked for Postmates, Claimants have offered since May to meet and confer with Postmates on this issue. Based on our experience, substantially all of the people Postmates cannot find could likely be identified based on supplemental information we could provide. But Postmates made the tactical decision to refuse to confer on this issue and has now waived three times over any objection regarding the existence of a valid arbitration agreement with

Claimants. Postmates failed to identify any individuals for whom it questioned the existence of an agreement to AAA the first time Claimants' demands were filed, including while Claimants had held their claims in abeyance pending mediation. Postmates failed to identify any such individuals to the Court in *Adams*. And Postmates did not raise the issue with AAA after Claimants re-filed their demands until after the arbitrations were administratively closed. But in all events, now that Postmates has refused to proceed with more than 50 arbitrations and AAA has administratively closed Claimants' cases, Exhibits B-D of Postmates's letter are not relevant to any open matter before AAA.

Sincerely,

**Warren D. Postman**
Partner

Keller | Lenkner
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, December 11, 2019 7:25 AM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

James,

I am writing regarding the list of *Adams* Petitioners Postmates sent to AAA who Postmates claims it cannot locate in its records and are therefore not party to a valid arbitration agreement with Postmates. Postmates is under a federal Court order to arbitrate with each *Adams* Petitioner and cannot disregard that order simply because it regrets its tactical to decision not raise certain arguments with the *Adams* Court. Nonetheless, we remain willing—as we have made clear since May—to confer with Postmates to help it identify Petitioners in its records. As a first step in that process, please tell us what data points Postmates searched for in its records. As you know, DoorDash repeatedly claimed, as Postmates does, that it could not locate 15% to 20% of Keller Lenkner's clients in its records; but when DoorDash conducted a proper search for all data points we had provided, it actually could find over 97% before receiving any supplemental information from us. Once Postmates confirms it has conducted a proper search, we would be happy to provide supplemental information to help you identify the remaining Petitioners.

Sincerely,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005

<u>202.749.8334</u> | <u>Website</u> | <u>Email</u>

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Wednesday, December 11, 2019 7:30 PM
**To:** AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>
**Cc:** Warren Postman <wdp@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>; Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Ms. Santo – Thank you for acknowledging receipt of our correspondence.  As agreed on the December 6 conference call, we have identified 50 claimants whose arbitrations can proceed immediately, subject to our reservation of all rights, and are ready to begin these arbitrations.  So that the 50 arbitrations can begin immediately we will provide to the AAA the requested information regarding the arbitration agreements by Friday.

We note, however, that per Rule 4 of AAA's Commercial Arbitration Rules and Mediation Procedures, to initiate an arbitration the claimant must file with the AAA "a copy of the applicable arbitration agreement from the parties' contract which provides for arbitration."  Accordingly, it is Keller Lenkner's obligation to provide the applicable arbitration agreement for each of their individual 50 clients.  Since they haven't done so, and because the parties have stipulated to commence 50 arbitrations immediately subject to Postmates reserving all of its rights, Postmates agrees to provide the requested information regarding the arbitration agreements for the 50 as noted above.

With respect to the remaining 5,205 arbitrations we have been discussing, can you confirm whether AAA has the applicable arbitration agreement for any of these individuals?

Best,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Fogelman, James P. <JFogelman@gibsondunn.com>
**Sent:** Wednesday, December 11, 2019 7:32 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller
<ack@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy
<skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

Ms. Santos:

Suffice it to say that we disagree with the substance of Mr. Postman's email but note, importantly, what
it does not contain.  There is no objection to the immediate commencement of the 50 arbitrations
(subject to our client's reservation of rights).  There is no objection to the AAA providing the information
that Postmates has requested from the AAA on numerous occasions, or to the AAA complying with its
"limited" procedures, at Postmates' expense, in order to provide the requested information.  There is no
disagreement as to a single one of the 715 people identified by Postmates as not having signed the Fleet
Agreement and therefore having no agreement to arbitrate (and, of course, Postmates has never waived
its rights in this regard).  There is no disagreement as to a single one of the 480 people identified by
Postmates as not having ever completed a delivery on the Postmates platform, and therefore having no
arbitrable claim to pursue.  There is no disagreement as to a single one of the 95 people identified as
having already settled the very claims that Mr. Postman purports to want to bring again on their
behalf.  The failure to disagree as to any of these people constitutes a stunning admission that the AAA
should not invoice any fees for these claims and they should not be permitted to proceed even if, after
the AAA provides the requested information, any other claims are permitted to proceed.  Worse still,
Mr. Postman's email contains no explanation for why they wrongfully asserted that over 1,200 people
had valid claims to pursue in the AAA.  If Mr. Postman believes that he has additional information that
may answer these questions, or that Postmates might consider in evaluating whether one or more of
the people identified in Postmates' correspondence was allegedly included by error, we invite Mr.
Postman to provide such information forthwith.  Regards. JPF

**James P. Fogelman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7234 • Fax +1 213.229.6234
JFogelman@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Wednesday, December 11, 2019 8:17 PM
**To:** Fogelman, James P. <JFogelman@gibsondunn.com>; Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

James,

The very email you replied to expressly stated that we disagree with your assertions and believe supplemental information will show that the individuals on Exhibits B-D have valid claims. I simply noted that this is not the time or the place to debate the issue, as these individuals' arbitrations have been closed. Separately, I emailed you immediately to reiterate that we remain willing to confer with Postmates to help it identify people it cannot find in its records (attached). Your suggestion that we failed to disagree with your assertions or are unwilling to provide supplemental information is disingenuous at best.

Sincerely,

**Warren D. Postman**
Partner

**Keller | Lenkner**
1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>
**Sent:** Wednesday, December 11, 2019 8:32 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

Warren – As noted in our earlier email to Ms. Santo, if you believe that you have additional information that Postmates might consider in evaluating whether one or more of the people identified in Postmates' correspondence was allegedly included by error, we invite you to provide such information.

Thanks,
DJ

**Dhananjay S. Manthripragada**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7366 • Fax +1 213.229.6366
DManthripragada@gibsondunn.com • www.gibsondunn.com

**From:** Warren Postman <wdp@kellerlenkner.com>
**Sent:** Thursday, December 12, 2019 1:16 PM
**To:** Manthripragada, Dhananjay S. <DManthripragada@gibsondunn.com>; AAA Heather Santo <heathersanto@adr.org>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P. <JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas <TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna, Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy <skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 [UNSCANNED]

*** **External E-Mail – Use Caution** ***

DJ,

As I noted, our view is that Postmates has waived these issues.  The Court in *Adams* expressly ordered Postmates to arbitrate with each Petitioner and Postmates cannot relitigate the facts in the context of the order to show cause.  Notwithstanding Postmates's tactical about face, and though we have no obligation to do so, we offered to confer in good faith to help you identify the Petitioners Postmates says it cannot locate.  But it is obvious to us that Postmates has not conducted a thorough search.  And if Postmates will not even describe how it checked its records, it is clear that Postmates does not want to confer in good faith and, to use Judge Alsup's description of Gibson Dunn's litigation tactics in *Abernathy*, is simply trying to "hide the ball."

Sincerely,

**Warren D. Postman**
Partner

## Keller | Lenkner

1300 I Street, N.W., Suite 400E | Washington, D.C. 20005
202.749.8334 | Website | Email

**From:** AAA Heather Santo <heathersanto@adr.org>
**Sent:** Friday, December 13, 2019 5:09 PM
**To:** Warren Postman <wdp@kellerlenkner.com>; Manthripragada, Dhananjay S.
<DManthripragada@gibsondunn.com>; Ashley Keller <ack@kellerlenkner.com>; Fogelman, James P.
<JFogelman@gibsondunn.com>; Mathur, Shaun <SMathur@gibsondunn.com>
**Cc:** Evangelis, Theane <TEvangelis@gibsondunn.com>; Cochrane, Thomas
<TCochrane@gibsondunn.com>; Maryott, Michele L. <MMaryott@gibsondunn.com>; McKenna,
Madeleine <MMcKenna@gibsondunn.com>; Travis Lenkner <tdl@kellerlenkner.com>; Sean Duddy
<skd@kellerlenkner.com>
**Subject:** RE: [Password protected attachment] RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994
[UNSCANNED]

Dear Counsel,

This will acknowledge receipt of the parties' recent e-mails.

After review of prior correspondence the Association was able to locate the governing contracts for
each individual claimant. Under separate cover, Respondent is being sent an invoice, totaling
$95,600.00, for their share of the initial filing fees for the 50 individual demands for arbitration in which
they have identified. Payment should be sent to the AAA by December 27, 2019.

Upon receipt of Respondent's filing fees, we will proceed with administration of the aforementioned 50
individual demands for arbitration. All other matters remain closed. Should Respondent meet their filing
fee obligation for those matters, we will proceed with administration and consider any requests for pre-
screening of arbitrators or other information at that time.  Inasmuch as the closed cases are not pending
before AAA, we will not consider or respond to any further correspondence on those cases.

Sincerely,

Heather Santo



**Heather Santo**

American Arbitration Association

1301 Atwood Ave, Suite 211N, Johnston, RI 02919
T: 401 431 4703  F: 401 435 6529  E: heathersanto@adr.org
adr.org | icdr.org | aaamediation.org

